IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG O. MAJORS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0543 |
| ) | |
| DAVID SEXTON, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is the petitioner's motion for relief from judgment under Rule 60(b)(6). (ECF No. 48.) For the reasons explained below, the Court construes the motion as requesting, in part, relief that may properly be sought under Rule 60 and, in part, as a second or successive habeas petition asserting entirely new claims. The Rule 60 portion of the motion will be denied; the remainder of the motion will be transferred to the Sixth Circuit as an application requesting authorization to file a second or successive petition.

**I.   Standard of Review**

Federal Rule of Civil Procedure 60(b)(6) is a catch-all provision that provides relief from a final judgment for "any other reason that justifies relief" not captured in the other provisions of Rule 60(b).[1] *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id.* at 697. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light

---

[1] Subsections (1) through (5) of Rule 60(b) provide for relief in the event of:
(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence . . . ;
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgement has been satisfied, released or discharged . . . or applying it prospectively is no longer equitable.
Fed. R. Civ. P. 60(b)(1)–(5).

of all the facts." *Id.* The district courts have broad discretion in ruling on Rule 60(b)(6) motions. *Id.* (citing *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir.), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct. 370 (2014).

In *Gonzales v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court confirmed that Rule 60(b) may be a viable avenue for relief in habeas corpus cases. The Court further held, however, that Rule 60 "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Id.* (citing 28 U.S.C. § 2254, Rule 11) (footnote omitted). In particular, the statutory provisions governing the filing of "second or successive" habeas petitions, found at 28 U.S.C. § 2244(b)(1)–(3), may limit the application of Rule 60(b). Thus, whenever a motion denominated as a Rule 60(b) motion is filed in the context of a § 2254 case, the district court must consider whether the motion is in substance a second or successive habeas petition. *Id.*

The Supreme Court has explained that if a Rule 60(b) motion "attacks the federal court's previous resolution of a claim *on the merits*," the motion must be construed as a habeas petition, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzales*, 545 U.S. at 532. The Court clarified that a determination "on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. On the other hand, a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. Thus, for example, a motion that "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," does not seek a determination "on the merits" and is properly brought under Rule 60(b). *Id.* at 532 n.4.

If, however, the motion is in actuality a second or successive habeas petition, the petitioner must obtain permission from the court of appeals before filing it. 28 U.S.C. § 2244(b)(3)(A). The district courts lack jurisdiction to consider a second or successive petition in the absence of authorization from the circuit court. *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir.2005) (noting that " § 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or

successive habeas petition"). Within the Sixth Circuit, a second or successive petition filed in the district court is typically transferred to the Court of Appeals, pursuant to 28 U.S.C. §1631, to be considered as an application for authorization to file a second or successive petition. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

## II.     The Present Motion

This Court denied Craig Major's § 2254 habeas petition on November 22, 2013. The petitioner appealed, but the Sixth Circuit denied the petitioner's motion for a certificate of appealability and dismissed the appeal in July 2014. *Majors v. Taylor*, No. 13-6631 (6th Cir. July 9, 2014). On December 2, 2014, the Sixth Circuit denied the petitioner's motion to reconsider. Two months later, the petitioner filed his motion for relief from judgment in this Court under Rule 60(b)(6).[2] (ECF No. 49.)

In this motion, the petitioner purports to seek reconsideration of two claims that were raised in his habeas petition, but that, according to the petitioner, the Court improperly rejected as barred by procedural default. The petitioner argues that the Court's refusal to consider these claims on the merits was in error, because the default was caused by the ineffective assistance of post-conviction counsel at the initial-review stage. (ECF No. 49, at 1 (citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014)).) The petitioner asserts that the Sixth Circuit did not issue *Sutton* until after he filed his petition and this Court ruled on it, so neither the petitioner nor the Court had "the benefit of *Martinez* and *Trevino*." (ECF No. 49, at 1.) The application of *Martinez* to petitioners in Tennessee, he argues, is an extraordinary circumstance that warrants relief under Rule 60(b)(6).

## III.    Discussion

### A.     First Claim for Reconsideration

In his initial petition, the petitioner asserted, in a footnote, that his trial counsel was not adequately prepared for trial because she (1) met with him only once prior to the trial and (2) failed to control her workload, as manifested by the fact that she met with other clients while on break during the petitioner's two-day trial. (ECF No. 1, at 8–9.) The petitioner did not acknowledge that this claim was procedurally defaulted

---

[2] The petitioner actually purports to seek relief under Rule "60(b)(1)(6)" and Rule "60(b)(6)(1)." (ECF No. 49, at 1, 2.) Because there is no procedural rule enumerated thus and because the petitioner expressly quotes and refers to Rule 60(b)(6) in the argument section of his motion (ECF No. 1, at 3), the Court concludes that he seeks relief under Rule 60(b)(6).

or argue that the default should be excused by the ineffective assistance of post-conviction counsel (or for any other reason). The Court addressed the claim (despite the fact that it was presented in a footnote rather than in the main body of the habeas petition) but concluded that it was procedurally defaulted and therefore could not be considered on the merits. (ECF No. 28, at 11.)

Now, the petitioner asserts that the Court should reconsider that determination, under Rule 60(b)(6), and that the ineffective assistance of post-conviction counsel constitutes cause to overcome the procedural default. He argues that the claim is properly asserted under Rule 60(b)(6):

> [I]t is clear that this claim was deemed procedurally barred, and hence, there was no decision on the merits by this Court, nor any Court. As noted earlier above, under *Gonzales*, no claim is presented if the 60(b) motion does not attack a federal court's determination on the merits, as Majors' claim "merely asserted that a previous ruling which precluded a merits determination was error – for example procedural default."

(ECF No. 49, at 6 (citing *Gonzales*, 545 U.S. at 532).)

The Court finds that this claim for relief is properly brought under Rule 60(b). *Cf. Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) ("Adams challenges the district court's determination that his claims were procedurally defaulted. Thus, Adams's Rule 60(b)(6) motion is not to be construed as an improper successive habeas petition and is properly before the district court."); *see also McGuire v. Warden, Chillicothe Corr. Ins.*, 738 F.3d 741 (6th Cir. 2013) (applying Rule 60(b)(6) standard to motion seeking to reopen claim of ineffective assistance of trial counsel based on *Martinez* and *Trevino*). That determination, however, does not answer the question of whether the new rule established by *Martinez/Trevino* and applied to Tennessee through *Sutton* may constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6).

*Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991), which states that a habeas petitioner cannot use the ineffective assistance of collateral-review counsel as "cause" to excuse a procedural default. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel, if in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s]

procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit subsequently held that this exception is applicable in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

The Sixth Circuit has not expressly determined whether *Martinez v. Ryan* and *Trevino v. Thaler* may constitute "extraordinary circumstances" justifying Rule 60(b)(6) relief. *See West v. Carpenter*, 790 F.3d 693, 699 (6th Cir. June 25, 2015) (declining to reach "the question of whether *Martinez* and *Trevino* may constitute extraordinary circumstances justifying Rule 60(b)(6) relief," because the claim at issue was defaulted at the appellate level, not the initial-review level). It has, however, held that "a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief," and thus that the *Martinez/Trevino* rule, *standing alone*, did not qualify as extraordinary or exceptional circumstances justifying relief under Rule 60(b)(6). *McGuire*, 738 F.3d at 750 (citations omitted). Most other circuits to consider the issue have held that the *Martinez/Trevino* rule, by itself, does not justify Rule 60(b)(6) relief. *See, e.g.*, *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014) ("[A] change in law [*Maples v. Thomas*,132 S. Ct. 912 (2012), *Martinez*, and *Trevino*] showing a previous judgment may have been incorrect is not an extraordinary circumstance justifying relief under Rule 60(b)(6)."); *Arthur v. Thomas*, 739 F.3d 611, 633 (11th Cir. 2014) ("Even assuming that the *Martinez* rule changed or even affected in some way the decisional law about AEDPA's statute of limitations and equitable tolling, any such change in law is not an extraordinary circumstance warranting relief under Rule 60(b)."); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) ("The Supreme Court's later decision in *Martinez* . . . does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief."). *But see Cox v. Horn*, 757 F.3d 113, 121, 122 (3d Cir. 2014) (noting that the Third Circuit had never categorically concluded that a change in decisional law, even standing alone, is *never* an adequate basis for relief under Rule 60(b)(6), but instead had consistently held that "intervening changes in the law *rarely* justify relief from final judgments under 60(b)(6)" and that any analysis of whether relief is warranted under Rule 60(b)(6) requires a "flexible, multi-factored approach . . . that takes into account all the particulars of a movant's case"); *Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012) (affirming denial of Rule 60(b) motion but concluding that the nature of the change in law by *Martinez* is a remarkable, albeit limited, development weighing slightly in favor of Rule

60(b)(6) relief).

In *McGuire*, the Sixth Circuit also appeared to adopt a multi-factorial approach. In that case, the district court denied the petitioner's Rule 60(b)(6) motion seeking to re-open a defaulted claim of ineffective-assistance of trial counsel based on *Martinez v. Ryan*, but certified the issue for appeal after *Trevino* was decided. The Sixth Circuit affirmed, but noted that "[t]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire*, 738 F.3d at 750 (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). The court considered all the circumstances of that case and found that relief was not warranted in that case.

In the case at bar, the Court likewise finds, under all the circumstances presented here, that the sole fact that *Martinez* now applies to Tennessee through *Trevino* and *Sutton* is not a sufficient basis for relief under Rule 60(b), and there are no other factors that would support the granting of relief. The petitioner did not argue in his initial § 2254 petition in this Court that post-conviction counsel was ineffective for failing to raise this claim in initial-review post-conviction proceedings. Moreover, in light of the myriad issues that the petitioner himself raised in his initial post-conviction petition, it is clear that even the petitioner did not consider this claim to be particularly compelling.[3] Third, although the petitioner now argues that the jail logs support his testimony over that of trial counsel regarding how many times she visited him in jail, the jail logs are not part of the record and may not be considered by the Court.

Finally, in an effort to establish the "prejudice" component of the test for overcoming a procedural default, the petitioner also asserts two entirely new claims for relief: that as a result of her failure to meet with him more frequently and better prepare for his case, his attorney was further ineffective because she failed (1) to file a motion to dismiss the indictment and (2) to object to the jury instructions, which he alleges were inconsistent with the charge as defined in the indictment and therefore amounted to a constructive amendment to the indictment. (*Id.* at 8, 10–16.) These ineffectiveness claims were not raised below and

---

[3] The petitioner raised dozens of issues in his 180-page post-conviction petition. (ECF Nos. 25-11, at 6–75, 25-12, 25-13, and 25-14, at 1–68.) Appointed counsel thereafter filed a one-page amended petition for post-conviction relief which essentially just incorporated by reference all the claims made in the initial petition. (ECF No. 25-14, at 76.)

constitute new "claims" as that term is used in 28 U.S.C. § 2244(b), which are not cognizable in a Rule 60(b)(6) motion. Insofar as the petitioner raises these claims in an effort to establish that the interests of justice outweigh the interests of finality in this case, the Court is not persuaded.

In sum, the Court does not find that extraordinary circumstances exist in this case to justify relief under Rule 60(b)(6) and will therefore deny the petitioner's motion for reconsideration of the Court's initial conclusion that the petitioner's claim that trial counsel was unprepared for trial was procedurally defaulted. Further, insofar as the petitioner raises entirely new claims for relief—namely, that trial counsel was ineffective for failing to file a motion to dismiss the indictment or to object to the jury instructions—the motion is in substance a second or successive habeas petition that must be transferred to the Sixth Circuit.

### B. Second Claim for Reconsideration

The petitioner characterizes his second claim for relief as follows:

> Trial counsel was ineffective for failing to adequately argue that Majors' conviction for especially aggravated kidnapping violates due process as protected by the 14th Amendment of the United States Constitution and as a result post conviction counsel's failure to raise this substantial claim at the initial post conviction proceeding constitutes cause for this procedurally defaulted claim.

(ECF No. 49, at 17.) He contends that this Court found the claim to be unexhausted and that the Sixth Circuit found that, even if the claim were exhausted, it was not cognizable on habeas review because it stated a claim based only on state law. The petitioner asserts on this basis that, because his federal due-process claim was found to be procedurally defaulted and was not decided on the merits, it is properly reviewable under Rule 60. He further argues that the default of this claim is excusable as the result of ineffective assistance of post-conviction counsel, who failed to raise the claim as one of ineffective assistance of trial counsel.

*Martinez* is not implicated by this issue and relief is not warranted under Rule 60. The petitioner did not present this claim in his § 2254 petition as one of ineffective assistance of trial counsel, and the Court did not deny relief on the basis that the claim was procedurally defaulted. He presented it as a substantive claim based on the denial of due process. (*See* ECF No. 1, at 77 ("Ground Two: Petitioner's Convictions for especially kidnapping [sic] and attempted aggravated robbery violates due process as protected by the 14th Amendment of the United States Constitution.").) This Court considered the claim on the merits and denied relief. The Sixth Circuit did not issue a substantive opinion addressing this claim; instead it declined to issue

a certificate of appealability, noting that it considered the claim defaulted because it construed the petitioner's post-conviction petition as raising an issue of state law only.

In the present motion, the petitioner raises a wholly new claim of ineffective assistance of trial counsel and asserts that the claim was defaulted through the ineffective assistance of post-conviction counsel. This wholly new claim for relief will be transferred to the Sixth Circuit for consideration as an application for permission to file a second or successive petition.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge