# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CRAIG O. MAJORS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:13-cv-00543 |
| | ) |
| **DAVID SEXTON,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Craig Majors, an inmate at the South Central Correctional Facility in Clifton, Tennessee, has filed a pro se Motion for Relief from Judgment (Doc. No. 68) under Rule 60(b)(6) of the Federal Rules of Civil Procedure, asking the Court to reconsider its 2013 denial of the writ of habeas corpus in this case. As explained below, this Motion will be transferred to the United States Court of Appeals for the Sixth Circuit for consideration as a second or successive habeas petition.

## I. BACKGROUND

On April 29, 2013, Petitioner filed a pro se Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and a supporting Memorandum (Doc. No. 2). Petitioner asserted that his state convictions were obtained in violation of his constitutional rights because his counsel was ineffective in a variety of ways and his due process rights were violated. Petitioner's due process claim—which is the focus of his current Rule 60(b)(6) Motion—"assert[ed] that his convictions for both especially aggravated kidnapping and attempted aggravated robbery violate due process because the kidnapping [was] 'essentially incidental' to the robbery," and thus should

not have resulted in a separate conviction according to a subsequent, clarifying interpretation of the Tennessee kidnapping statute by the Tennessee Supreme Court. (Doc. No. 1 at 77–78).

In his supporting Memorandum, Petitioner explained that in 2012, two years after his convictions were upheld by the Tennessee Court of Criminal Appeals, the Tennessee Supreme Court issued its decision in State v. White, 362 S.W.3d 559 (Tenn. 2012), in which it held that the kidnapping statute did not apply to removal or confinement of a victim that was "essentially incidental" to an accompanying robbery. In so holding, the Tennessee Supreme Court expressly overruling its decisions in two prior cases that the Court of Criminal Appeals had applied in Petitioner's case, State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), and State v. Dixon, 957 S.W.2d 532 (Tenn. 1997). Petitioner argued that "his conviction violates the Due Process Clause of the Federal Constitution (and Tennessee Constitution), as interpreted in Fiore v. White, 531 U.S. 225, 121 S. Ct. 712 [(2001)] and its progeny, because he was convicted under an incorrect interpretation of the law" that excused the State from its burden of proving to the jury that the kidnapping was not incidental to the robbery. (Doc. No. 2 at 105–08).

In a decision by District Judge Todd Campbell (Ret.), the Court denied the Petition. It explained that although the state courts had relied on Anthony and Dixon in affirming Petitioner's convictions, and those decisions had been overruled by State v. White, the court in White expressly noted that its decision did not articulate a new constitutional rule or require retroactive application, and the Court of Criminal Appeals had "expressly considered whether the kidnapping was merely 'incidental' to the robbery such that dual convictions would offend due process." (Doc. No. 28 at

2

11–14 & n.3).[1] The Court further noted as follows:

> The procedure embraced in White clearly offers better due-process protections than the procedure still in use at the time of Majors' appeal, insofar as White now requires the jury to resolve the question of whether the kidnapping in a given case was merely incidental to an accompanying felony charge. However, the petitioner here did not appeal the jury instructions given in his case or raise an express sufficiency-of-the-evidence challenge based on the elements of the kidnapping conviction, nor did he assert that his counsel was ineffective for failing to raise these arguments. These arguments therefore are now foreclosed to him. Regardless, the standard for this Court is whether the conviction violated federal due-process standards, not whether it comported with state law.

(Id. at 13 n.3). The Court found that "the Tennessee court's rejection of the claim was not contrary to and did not involve an unreasonable application of clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as required to justify habeas relief under Section 2254(d). (Id. at 13). Petitioner appealed this decision to the Sixth Circuit Court of Appeals, but the Sixth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. No. 47).

---

[1] The Anthony decision required appellate courts considering the sufficiency of the evidence to support convictions for kidnapping and an additional felony to inquire whether "the confinement, movement, or detention" supporting the kidnapping offense was "essentially incidental" to the accompanying crime "or whether it [was] significant enough . . . to warrant independent prosecution and . . .[,] therefore, sufficient to support such a conviction." Anthony, 817 S.W.2d at 306. The Dixon decision modified the requirement established in Anthony.

In White, the Tennessee Supreme Court did away with the requirement that appellate courts apply this "separate due process test," in light of its conclusion "that whether the evidence, beyond a reasonable doubt, establishes each and every element of kidnapping, as defined by statute, is a question for the jury properly instructed under the law." 362 S.W.3d at 577–78. It clarified that trial courts have the obligation to "ensure that juries return kidnapping convictions only in those instances in which the victim's removal or confinement exceeds that which is necessary to accomplish the accompanying felony," while emphasizing "that since our 1991 decision in Anthony, convictions for kidnapping have been precluded when the victim's movement or confinement was essentially incidental to another felony." Id. at 578. Accordingly, the decision in White did not "creat[e] a new standard for kidnapping," but "merely provid[ed] definition for the element of the offense requiring that the removal or confinement constitute a substantial interference with the victim's liberty." Id.

3

While simultaneously pursuing additional remedies in state court,[2] Petitioner filed his first Rule 60(b)(6) motion for relief from this Court's judgment on February 5, 2015 (Doc. No. 49), arguing that the Court erred in finding procedural default on an ineffective-assistance claim and that counsel was ineffective for failing to adequately argue that the kidnapping conviction violated due process. (Id. at 17–25). The Court found that the part of Petitioner's Rule 60(b)(6) motion dealing with procedural default was properly before it and denied relief. However, the Court found that the claim related to due process had been presented as a wholly new claim of ineffective assistance—apart from the original, "substantive claim based on the denial of due process"—and therefore had to be transferred to the Sixth Circuit for consideration as an application for permission to file a second or successive habeas petition. (Doc. No. 53 at 8; Doc. No. 54). Two months later, Petitioner sought reconsideration of this decision, asking that the Court construe his due process argument as one seeking relief from judgment based on the denial of due process that resulted from the "change[ ] [in] the law" effected by White. (Doc. No. 60 at 6–9). His motion for reconsideration concluded by asserting that "[t]he state Supreme Court's decision in White, which expressly overruled its prior holding [in cases applied] on Majors['s] direct appeal and changed the scope of kidnapping under state law, presents an unusual circumstance[ ] that . . . supports reconsideration[.]" (Id. at 9).

The Court construed Petitioner's motion for reconsideration as a second motion for relief from judgment, part of which was appropriately resolved under Rule 60(b) because it asserted an error affecting the Court's procedural default analysis. (Doc. No. 61 at 3–4). But the part of the motion dealing with Petitioner's due process argument was transferred to the Sixth Circuit for consideration as a successive habeas claim because it "reassert[ed] a claim previously raised and

---

[2] See Majors v. State, No. E2015-00400-CCA-R3-HC, 2015 WL 5656340 (Tenn. Crim. App. Sept. 25, 2015).

4

ask[ed] for consideration or reconsideration of this claim on the merits." (Id. at 4, 6–7; Doc. No. 62).

In a corrected motion before the Sixth Circuit, Petitioner admitted that he had raised his due process claim in his initial habeas petition but argued that the matter should be revisited because the Tennessee Supreme Court had expressly overruled the cases that allowed for his dual convictions. (See Doc. No. 67 at 2). The Sixth Circuit denied leave to file a second or successive habeas petition raising this claim, as follows:

> As an initial matter, because Majors raised his due process argument in his prior habeas petition, that claim is subject to dismissal. See 28 U.S.C. § 2244(b)(1). To the extent that Majors argues that he is raising a "new" claim based on the Tennessee Supreme Court's decision in State v. White, 362 S.W.3d 559 (Tenn. 2012), his claim is not based on a new rule of constitutional law made retroactively applicable by the United States Supreme Court, nor is it based upon newly discovered evidence. See 28 U.S.C. § 2244(b)(2). White was decided before Majors filed his initial habeas petition in any event.
>
> * * *
>
> Finally, Majors seeks to raise a new claim of actual innocence based on White. But White does not constitute newly discovered evidence of Majors's actual, factual innocence, nor did it announce a new rule of constitutional law declared retroactively applicable by the United States Supreme Court. See 28 U.S.C. § 2244(b)(2); Bousley v. United States, 523 U.S. 614, 623 (1998).

(Id. at 2–3). The Sixth Circuit's order was filed on July 12, 2016.

Four years later, on August 25, 2020, Petitioner filed the pending Motion for Relief from Judgment under Rule 60(b)(6). (Doc. No. 68).

## II. ANALYSIS

Petitioner argues that this habeas action should be reopened because the Court "erred as a matter of law by relying on the overruled State v. Dixon and State v. Anthony case[s]" to adjudicate his due process claim. (Doc. No. 68 at 1). He argues that this error represents "a clear defect in the integrity of [his] prior federal habeas corpus proceeding, which falls squarely into the gap of a true

5

Rule 60(b)(6) motion, entitling him to reconsideration of his due process claim." (Id.) Petitioner believes that this motion should "be treated as a true 60(b) motion, not as another habeas petition, [because] it challenges a denial of an earlier petition that rested on repealed or overruled state law. (Id. at 4 (citing Robertson v. Walker, 543 F. App'x 722 (9th Cir. 2013), and Cincinnati Ins. Co. v. Byers, 151 F.3d 574 (6th Cir. 1998)). He argues that the Court should exercise its jurisdiction under Rule 60(b)(6) to reopen the matter and remedy its denial of his due process claim, which he believes should succeed under the Supreme Court's rationale in Fiore and Bunkley v. Florida, 538 U.S. 835 (2003). (Doc. No. 68 at 8–12).

Rule 60(b)(6)—the catchall provision governing relief from a final judgment for "any other reason that justifies relief"—applies only in "exceptional or extraordinary circumstances where principles of equity mandate relief," which "rarely occur in the habeas context." Miller v. Mays, 879 F.3d 691, 698 (6th Cir. 2018) (citations and internal quotation marks omitted). "When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." Webb v. Davis, 940 F.3d 892, 897 (5th Cir. 2019) (citing Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." Tyler v. Anderson, 749 F.3d 499, 506 (6th Cir. 2014). That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of

6

conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" Id. (quoting Gonzalez, 545 U.S. at 530, 532).

The instant Motion does not assert any ground for relief that could be characterized as new but attacks this Court's previous resolution of the underlying due process claim. Petitioner attempts to frame his attack on the Court's prior, merits-based resolution of his due process claim as one based on an error that compromised the integrity of the habeas proceeding. But the cases he cites to support the applicability of Rule 60(b) in such a scenario, Cincinnati Ins. Co. v. Byers and Robertson v. Walker, reached this determination out of an equitable concern that the decision under attack had been made without the court's even knowing that the applicable state law had been overruled. See Byers, 151 F.3d at 579 ("Unless relief from the judgment is granted to CIC pursuant to Rule 60(b)(6), it will lose the right to assert its . . . theory simply because the district court fortuitously ruled one day before the submission of the supplemental memorandum [advising the court of the change in law]."); Robertson, 543 F. App'x at 723 (vacating and remanding a decision construing a Rule 60(b) motion as second or successive because the decision rested on California law that was overruled one day prior to the issuance of the court's mandate).

Such extraordinary circumstances do not exist in this case. The instant Motion merely asserts that this Court erred in determining that the state courts' use of procedures prescribed by cases that were subsequently overruled did not provide grounds for granting habeas relief on Petitioner's due process claim. Petitioner first made that claim in 2013, in his original Petition and supporting Memorandum, utilizing largely the same arguments and authorities that he asserts in the instant Motion. In the judgment from which Petitioner seeks relief, the Court discussed the effect of the 2012 Tennessee Supreme Court decision in White and determined that, regardless of the new procedures embraced in that decision, Petitioner's federal due process rights had not been

7

violated by his 2008 conviction under the procedures prevailing at that time. (See Doc. No. 28 at 11–14 & n.3). The allegation of error in this Court's reasoning does not amount to an extraordinary circumstance permitting relief from judgment under Rule 60(b)(6), but must be construed as a habeas claim, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532.

In sum, though nominally filed under Rule 60(b)(6) based on the "extraordinary circumstances" presented by this Court's erroneous reliance on Tennessee cases that were no longer good law, Petitioner's Motion "is in substance a successive habeas petition" reasserting his previously rejected due process claim, "and should be treated accordingly." Id. at 531.

Alternatively, even assuming for the sake of argument that Petitioner's Motion could properly be considered under Rule 60(b), Petitioner would not be entitled to relief in this Court. A Rule 60(b) motion must be filed "within a reasonable time," and for reasons including a substantive legal mistake under subsection (b)(1), "no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1). Even if the Motion is properly filed under the catchall of subsection (b)(6) rather than to correct a mistake under subsection (b)(1), and is thus not bound by a strict one-year limitations period, "[a] reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." Tyler, 749 F.3d at 510 (internal citations omitted). Given the circumstances of this case, where nearly seven years elapsed between the Court's December 2013 judgment in this habeas action and the filing of the instant Motion in August 2020, and four years passed without any additional activity following the Sixth Circuit's most recent order in 2016, it is clear that the Motion was not filed within a reasonable time. See id. (examining timeliness "assuming arguendo that Tyler's motion relating to the deliberation

8

instruction is specifically cognizable under Rule 60(b)(6) and not barred by § 2244(b)") (citing, e.g., West v. Champion, 363 F. App'x 660, 664 (10th Cir. 2010) (holding Rule 60(b)(6) motion filed more than eight years after district court's judgment on habeas petition "is not within the 'reasonable time' contemplated by Rule 60(c)(1)"); see also Moore v. United States, No. 3:05-cv-00805, 2013 WL 3778716, at *3 (M.D. Tenn. July 18, 2013) ("Moore filed his Rule 60(b) motion seven and a half years after the court denied his § 2255 motion. The motion therefore is late [under either subsection (b)(1) or (b)(6)]."); Brown v. United States, No. 5:00CV1650, 2008 WL 5055656, at *5 (N.D. Ohio Nov. 20, 2008) (finding untimely a motion for post-judgment relief filed "a full four years subsequent to the completion of [most recent] appellate process").

## III. CONCLUSION

Petitioner's attack on this Court's ruling on the merits of his due process claim is not properly presented as a Rule 60(b) motion but is a successive habeas claim requiring Sixth Circuit authorization to pursue. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Motion will be transferred to the Sixth Circuit.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE